**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.        16-51398 (JAM) |
| ANGELA HARRISON, ) | |
| ) | CHAPTER      7 |
| DEBTOR. ) | |
| ) | RE: ECF Nos.    37, 43, 48 |
| SANTANDER BANK, N.A. f/k/a ) | |
| SOVEREIGN BANK ) | |
| MOVANT ) | |
| ) | |
| V. ) | |
| ) | |
| ANGELA HARRISON, DEBTOR ) | |
| ROBERTA NAPOLITANO, TRUSTEE, ) | |
| RESPONDENTS. ) | |
| ) | |

## MEMORANDUM AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY TO SANTANDER BANK, N.A. F/K/A SOVEREIGN BANK

On February 7, 2017, a hearing was held on Santander Bank, N.A. f/k/a Sovereign Bank's (the "Movant's"), Motion for Relief from the Automatic Stay to Exercise Setoff Rights and Other Equitable Relief dated January 6, 2017 (the "Motion for Relief from Stay", ECF No. 37), the Debtor's Objection to the Motion for Relief from Stay dated January 18, 2017 (the "Objection", ECF No. 43), and the Notice of Compliance with Court's Request for Supporting Documents filed by the Movant on January 20, 2017 (the "Supporting Documents", ECF No. 48).

The Court heard and considered the arguments of the Movant and the Debtor during the hearing and has reviewed and considered the Motion for Relief from Stay, the Objection, and the Supporting Documents. For the reasons set forth below, the Court hereby grants relief from the

automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), as more particularly described in this Memorandum and Order.

I. **PROCEEDINGS COMMENCED PRIOR TO BANKRUPTCY CASE**

On September 10, 2010, the Movant commenced a mortgage foreclosure action against the Debtor in Connecticut Superior Court (the "State Court Action"), with regard to the real property commonly known as 7 Sable Street, Norwalk, Connecticut (the "Property"). On October 1, 2015, the Debtor filed Counterclaims against the Movant in the State Court Action. On November 23, 2015, the Movant filed a withdrawal of the State Court Action to commence a foreclosure action in the Connecticut District Court. On November 24, 2015, the Movant commenced the foreclosure action currently pending in the United States District Court for the District of Connecticut entitled Santander Bank, N.A. v. Angela Harrison, No. 3:15-cv-01730 (AVC) (the "District Court Action").

On January 14, 2016, and January 28, 2016, while the District Court Action was pending, the Debtor filed motions to restore the State Court Action to the docket. On February 8, 2016, the court (Mintz, J.), restored the State Court Action to the docket for the sole purpose of holding a trial on the Debtor's third counterclaim against the Movant.[1] The Movant filed an appeal of that order on February 26, 2016. The appeal is captioned Sovereign Bank v. Angela Harrison, No. A.C. 38937 (the "Appeal"). The Appeal was stayed by the filing of the Debtor's bankruptcy case. Thus, the issue of whether the Debtor may prosecute and/or will ultimately prevail on her counterclaim against the Movant in the State Court Action remains unresolved.

On July 1, 2016, the District Court granted the Movant's Motion for Summary Judgment against the Debtor with respect to liability in the District Court Action. The District Court

---

[1] The third counterclaim is a claim for abuse of process for commencing the State Court Action. (ECF No. 48-2).

2

determined the value of the property to be $220,000.00, and the debt on the Mortgage to be $314,908.04, as of August 1, 2016, exclusive of attorneys' fees and costs. On January 6, 2017, the Movant filed the Motion for Relief from Stay seeking to complete foreclosure of its interest in the Property and to exercise any setoff rights it has against the Debtor.

## II.     BURDEN OF PROOF

The Movant filed the Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d), which provides in relevant part that "[o]n request of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or] (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."[2] The language of 11 U.S.C. § 362(d) "is mandatory, not permissive. In section 362(d), Congress provided that 'the Court *shall* grant relief from the stay'" if the moving party meets the requirements of the subsection. In re Zeoli, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) (emphasis in original).

Pursuant to 11 U.S.C. § 362(g), a party seeking relief under 11 U.S.C. § 362(d) "has the burden of proof on the issue of the debtor's equity in the property," and "the party opposing such relief has the burden of proof on all other issues." See 11 U.S.C. § 362(g). Courts in this District have held that the party seeking relief bears the burden of proving that it is a party in interest. In re Polverari, No. 14-31711 (JAM) (Bankr. D. Conn. Oct. 1, 2015), aff'd, No. 3:15-CV-01500 (VLB), 2016 WL 5724764 (D. Conn. Sept. 3, 2016); see also In re Speer, No. 14-

---

[2] "[I]n a Chapter 7 liquidation case, effective reorganization is irrelevant." Powers v. American Honda Finance Corp., 216 B.R. 95, 97 (N.D.N.Y. 1997), citing In re Diplomat Electronics Corp., 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988).

21007 (AMN), 2015 WL 5601469, at *3 (Bankr. D. Conn. Aug. 13, 2015) ("Movant bears the burden of demonstrating . . . that its claim is secured by a valid, perfected lien in property of the estate . . . . If the movant does not sustain its burden, the Court must deny the motion."); In re Briarwood Acquisition, LLC, No. 15-20596 (AMN), 2015 WL 5601351, at *3 (Bankr. D. Conn. Aug. 7, 2015) ("[T]he creditor bears the initial burden of demonstrating the quantum of its claim and its security interest in the real property" on a motion under Section 362(d).). "Once the movant establishes its prima facie case, the burden shifts to the debtor to show that the movant does not have a secured claim or that the debtor does have equity in the property." In re Speer, 2015 WL 5601469, at *3 (citation omitted; internal quotation marks omitted).

### III. DISCUSSION

#### A. Party Entitled to Foreclose

In order to obtain relief from the automatic stay, "it is necessary that the party seeking such relief be a 'party in interest.'" In re Comcoach Corp., 698 F.2d 571, 573 (2d Cir. 1983) (citing 11 U.S.C. § 362(d)) (holding that a bank is not a party in interest with standing to seek relief from stay where "the bankrupt has no obligation on the mortgage."). The Debtor disputes that the Movant is a "party in interest" entitled to relief under 11 U.S.C. § 362(d). While the Debtor raised a number of issues in her Objection, the Movant's status as a party in interest can be resolved by addressing the burden of proof on the Motion for Relief from Stay. For the reasons that follow, the Court finds that the Movant has satisfied its burden of proof that it is the proper party to prosecute the District Court Action and to exercise any right of setoff it may have against the Debtor under applicable non-bankruptcy law.

The Supporting Documents submitted by the Movant demonstrate that it has a valid lien against the Property. Included in the Supporting Documents are the Motion for Summary

4

Judgment filed in the District Court Action and the Ruling on Motions for Summary Judgment (the "Summary Judgment Ruling"). The District Court reviewed the following documents[3] and ruled in favor of the Movant on the issue of the Debtor's liability: (i) a copy of an Adjustable Rate Note (the "Note"), originally in favor of Geneva Mortgage Corp. ("Geneva"), for a loan in the principal amount of $200,000.00, executed by the Debtor on June 17, 2005 (see ECF No. 48-8); (ii) an Allonge to the Promissory Note (the "Allonge"), which was endorsed in blank by Geneva (see ECF No. 48-8); (iii) a copy of an Open-End Mortgage Deed (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Geneva, executed by the Debtor (see ECF No. 48-8); (iv) an Assignment of Mortgage dated March 4, 2008, from MERS, as nominee for Geneva, to Terwin Advisors, LLC ("Terwin") (see ECF No. 48-8); (v) an Assignment of Mortgage dated November 1, 2009, from Terwin to Sovereign Bank[4] (see ECF No. 48-8); and (vi) an Affidavit from the Assistant Vice President of Specialized Loan Servicing, LLC, as servicing agent for Santander Bank, N.A. (see ECF No. 48-8). The District Court found that the Movant "is the owner and holder of the [N]ote", and that the Movant's counsel "was in physical possession of the original [N]ote prior to commencement of [the District Court Action]." (Summary Judgment Ruling at 5).

Under applicable Connecticut law, the holder of a note secured by a mortgage is presumed to be the owner of the debt and, unless that presumption is rebutted, is entitled to foreclose. RMS Residential Properties, LLC v. Miller, 303 Conn. 224, 231-32 (2011). "That is true even when the holder of the note is not an assignee of the mortgage, because the state legislature has codified the common-law principle that the mortgage follows the note, providing

---

[3] The documents reviewed by the District Court were appended to the Supporting Documents and thereby made part of the Motion for Relief from Stay.

[4] Sovereign Bank changed its name to Santander Bank on November 23, 2015.

5

that the owner of a debt secured by real property can foreclose on the property even without having been assigned the mortgage." Bank of New York Mellon v. Sonja Bell and Jonathan Bell, 2014 U.S. Dist. LEXIS 174716, at *9 (Dec. 18, 2014) (citing Conn. Gen. Stat § 49-17). In this case, the Movant is the holder of the Note and the assignee of the Mortgage. (See ECF No. 48-8). The Debtor has not offered any evidence to rebut the presumption that the Movant is the owner of the debt. The Debtor advanced arguments, but has not offered any evidence that the Note endorsed in blank, or any of the assignments of the Mortgage which resulted in an assignment of the mortgage to the Movant, were ineffective.

Furthermore, as noted above, the party entitled to foreclose need not be the holder of the note. "A plaintiff's right to enforce a promissory note may be established under the UCC." J.E. Robert Co., Inc. v. Signature Properties, LLC, et al., 309 Conn. 307, 319 (2013) (relying on the UCC's official comment that a "person entitled to enforce an instrument . . . is not limited to holders . . . . A nonholder in possession of an instrument includes a person that acquired rights of a holder") (citation omitted; emphasis omitted; internal quotation marks omitted).

In the case of Bank of New York Mellon, the United States District Court for the District of Connecticut confirmed that the Uniform Commercial Code:

> provides that the holder of an instrument, or a nonholder in possession who has the rights of a holder, is entitled to enforce it. Conn. Gen. Stat. § 42a-3-301. A 'holder' includes an entity in possession of an instrument payable to that entity or to the bearer, Conn. Gen. Stat. § 42a-1-201(b)(21), or endorsed in blank, Conn. Gen. Stat. § 42a-3-205, and the entity to whom an instrument is payable may be 'identified in any way' and is determined by intent. Conn. Gen. Stat. § 42a-3-110. Even in the absence of a blank or special endorsement, the law allows that the 'transfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course' . . . and an instrument is so transferred whenever 'it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.'

Bank of New York Mellon, 2014 U.S. Dist. LEXIS at *9-10.

The Debtor's arguments advanced in the Objection and during the February 7, 2017, hearing are not persuasive. As discussed above, the Movant offered evidence to establish that it is the holder of the Note and the owner of the Mortgage. (See ECF No. 48-8). No evidence has been offered by the Debtor to rebut the Movant's proof. The Movant has sustained its burden of proof that it owns the debt and has established it is entitled to relief from the automatic stay to complete the District Court Action.

### B. Setoff

Section 553 of the Bankruptcy Code preserves a creditor's right to seek relief from stay to exercise any setoff rights it may have regarding a debt it owes to the debtor that arose before the commencement of the case against any claim it has against the debtor. Section 101(12) defines "debt" to mean "liability on a claim." Section 101(5)(A) defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." The Bankruptcy Code "does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . ." In re Century Brass Products, Inc., 97 B.R. 152 (D. Conn. 1989). "The rule allowing setoff, both before and after bankruptcy, is not one that courts are free to ignore when they think application would be 'unjust.'" In re Applied Logic Corp., 576 F.2d 952, 957-58 (footnotes omitted).

Relief from the automatic stay for the Movant to exercise any setoff rights it may have is warranted by the facts of this case. The Movant has offered evidence that the debts are mutual in that the Debtor owes the Movant more than $314,000.00 and the property is valued at

$220,000.00. Additionally, the Debtor's counterclaim against the Movant asserts that the Movant had no authority to prosecute the State Court Action and seeks monetary relief. The Movant obtained summary judgment to enforce the Note and foreclose the Mortgage in the District Court Action. The Movant thus has the right to exercise any equitable right of setoff it may have under Connecticut common law in order to "'enforce the simple but clear natural equity' in a given case," OCI Mortgage Corp. v. Marchese, 255 Conn. 448, 463-64 (2001) (quoting Connecticut Bank & Trust Co. v. Winters, 225 Conn. 146, 162 (1993)), because "a right of setoff . . . is a common law equitable right that is not itself a written instrument." Id. (quoting Norman Josef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486, 492 (1994)).

## IV.    CONCLUSION

In light of the forgoing facts, the Court finds that the Movant has met its burden of demonstrating its claim is secured by a perfected lien against the Property and that the Debtor lacks equity in the Property. Consequently, the burden shifted to the Debtor to demonstrate that the Movant does not hold a valid lien against the Property and that equity in the Property exists. The Debtor failed to carry her burden of proof. Due to the mandatory nature of 11 U.S.C. § 362(d)(2), see In re Zeoli, 249 B.R. at 63, the Court must grant the Movant relief from the automatic stay.

For the forgoing reasons, it is hereby

**ORDERED:** The automatic stay provided in 11 U.S.C.§ 362(a) is modified pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to permit the Movant and/or its successors and assignees, to exercise their rights, if any, with respect to the Property known as 7 Sable Street, Norwalk, CT in accordance with applicable non-bankruptcy law; and it is further

**ORDERED:** The automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant to exercise any and all equitable rights of setoff under applicable non-bankruptcy law; and it is further

**ORDERED:** The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

**ORDERED:** On or before May 3, 2017, the Clerk's Office shall serve this Memorandum and Order upon Ms. Angela Harrison via Certified Mail, return receipt requested, at 7 Sable Street, Norwalk, CT 06854, which is the address listed on her Chapter 7 Voluntary Petition, and upon all parties entitled to receive notice pursuant to this Court's CM/ECF filing system.

DATED: ____May 3, 2017_____

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut